IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY POLICE DEPARTMENT, et al., | No. C-07-6126 MMC |
| Plaintiffs, | **ORDER DIRECTING DEFENDANTS TO SUPPLEMENT NOTICE OF REMOVAL; DIRECTING DEFENDANTS TO SERVE PLAINTIFFS; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| EMANUEL SIMON EL BEY, and MAKARE AKHET ATEN SIMON EL BEY, | |
| Defendants | |

    Before the Court is defendants' Application to Proceed In Forma Pauperis, filed December 4, 2007. Also before the Court is defendants' "Writ of Mandamus in the Nature of Removal," filed December 4, 2007, by which defendants purport to remove an action from "superior (state) court." Defendants, who proceed pro se, allege the district court has subject matter jurisdiction over the removed action in light of a federal question.

    Defendants fail to identify the claims made by plaintiffs against defendants, and, further, fail to attach to the notice of removal a copy of the state court complaint served on defendants. Under such circumstances, the Court is unable to determine whether the state court complaint presents a federal question, and, consequently, to determine whether the action is properly removable. Accordingly, defendants are hereby ORDERED to supplement their notice of removal by filing, no later than December 28, 2007, the following

document(s): (1) a copy of the complaint or other pleading filed by plaintiffs in state court; and (2) any other document filed in the state court action by either plaintiffs or defendants. See 28 U.S.C. § 1447(b) (providing district court may "require the removing party to file with [the] clerk [of the district court] copies of all records and proceedings in [the] State court").

Additionally, defendants have not filed a document indicating defendants have served plaintiffs with the notice of removal. A party is required to serve a copy of all filings upon counsel for the opposing parties, and is required to file with the Clerk of the Court proof of such service. See Civ. L. R. 5-6 (providing that any paper presented for filing "must bear or have attached to it" a "certificate of service" stating the date of service, the name and address of the person(s) served, and the manner of service, for example, by United States mail). Accordingly, defendants are further ORDERED to serve counsel for plaintiffs, no later than December 28, 2007, with a copy of defendants' notice of removal, and to file with the Clerk, no later than December 28, 2007, proof of such service.

If defendants fail to timely file either the above-referenced supplement to the notice of removal or the requisite proof of service, the Court will remand the matter to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded.")

Finally, defendants' having shown they have insufficient assets to pay the filing fee, defendants' application to proceed in forma pauperis is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  December 13, 2007

_MAXINE M. CHESNEY_
United States District Judge

2